UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD W. AUDETTE, et. al.  :
                             :
    v.                       :         C.A. No. 17-133S
                             :
TIVERTON HOUSING             :
AUTHORITY, et. al.           :

REPORT AND RECOMMENDATION
FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)

Lincoln D. Almond, United States Magistrate Judge

**Background**

On April 5, 2017, Plaintiff Richard W. Audette filed a pro se Complaint accompanied by an Application to Proceed Without Prepayment of Fees including the $400.00 civil case filing fee. (Document Nos. 1 and 4). Plaintiff's Application (Document No. 4) filed pursuant to 28 U.S.C. § 1915 has been referred to me for determination. 28 U.S.C. § 636; LR Cv 72. After reviewing the Application signed under penalty of perjury, I conclude that Plaintiff is financially unable to pay the fees and costs of this proposed civil case and thus, Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 4) is GRANTED.

Having granted IFP status, I am required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED because it is "frivolous," "fails to state a claim on which relief may be granted," and/or "seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff is disabled, unemployed and homeless. (Document No. 2 at p. 5-6). He previously resided at 30 Anthony Way in Tiverton, Rhode Island pursuant to a life estate provided by the Claire B. Martel Trust. (Document No. 1-4). In 2010, Judge Nugent of the Rhode Island Superior Court entered an Order terminating his life estate, and Plaintiff now apparently lives in his vehicle. Id. When he initially filed suit, his mailing address was a Post Office Box within a UPS store in Westport, Massachusetts, but he has subsequently changed it to the address of Attorney Alfredo Rego, Jr., the Successor Trustee of the Claire B. Martel Trust. (Document Nos. 1-5 at 1-3, Document No. 1-3). He filed this pro se Complaint against HUD and the Tiverton Housing Authority.

His Complaint seeks a "Section 8 Housing HUD Administrative Hearing or Waiver." (Document No. 1 at p. 3). While his Complaint states that he seeks the "Section 8 value dating back to 4/22/10," he further articulates his claims in the Motion for Exception to Section 8 HUD Housing Choice Voucher Program. In that Motion, Plaintiff requests that the Court make an exception allowing Section 8 payments be made to the Claire B Martel Charitable Remainder Trust to permit Plaintiff to live in his "suv/rv." (Document No. 2 at 1, 6). Plaintiff seeks $733.00 per month be paid to the Trust for the "leasing and rental" of the vehicle he lives in. Id.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action filed in forma pauperis is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable

to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

The Section 8 Housing Choice Voucher Program is a Federal Government program for assisting low-income families in obtaining affordable housing. Participants choose housing that meets the requirements of the Program. Housing Choice Vouchers are administered locally by Public Housing Agencies ("PHAs"). The PHAs receive federal funding from the United States Department of Housing and Urban Development ("HUD") to administer the Voucher Program. Once housing is chosen, contracts are signed between the PHA and the landlord, and between the landlord and the tenant. The housing must meet minimum "quality standards" outlined in 24 C.F.R. § 982.401.

In short, Plaintiff is arguing that his vehicle meets the "quality standards" and requirements of the Program for affordable housing. Plaintiff acknowledges the minimal standards and argues that he has access to sanitary facilities by using hospitals, gyms and a local university; and to food by using

restaurants, grocery stores and soup kitchens; however; it is clear that his "suv or rv" would not meet minimal standards outlined in the Code of Federal Regulations.

The C.F.R. notes, for example, that the "dwelling unit must have at least one bedroom...a living room, a kitchen area and a bathroom." 24 C.F.R. § 982.401(d)(2). Because his "suv/rv" is not "housing" within the meaning of the applicable regulations and, by its nature, could not meet the minimum requirements of the Section 8 Housing Choice Voucher Program, I recommend that Plaintiff's Complaint be DISMISSED <u>sua sponte</u> with prejudice under 28 U.S.C. § 1915(e)(2).

**Conclusion**

For the reasons stated, Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 4) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii), I further recommend that Plaintiff's Complaint (Document No. 1) be DISMISSED with prejudice. In addition, based on this dismissal recommendation, Plaintiff's Motions for Exception (Document No. 2) and to Appoint Counsel (Document No. 3) are DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 1, 2017